SCHOTT, Judge.
Plaintiff, Samuel Evagnac, filed a “Petition for Authority to Perform Executory Contract of Deceased” against the administrator of this succession seeking an order from the court authorizing and directing the administrator to convey title to immovable property. Plaintiff bases his claim on a written agreement entered into between himself and the decedent Newton Charles Degelos, and invokes the provisions of LSA C.C.P. Arts. 3227 and 3229 as authority for his claim. An answer in the form of a general denial was filed by Althea Kramer Degelos, Elizabeth Degelos Alexander, Newton Charles Degelos, Jr., and Noelle Degelos Gioe, and upon their motion for summary judgment plaintiff’s petition was dismissed. In this appeal by plaintiff both sides argue the validity vel *683 non of the agreement, but we have resolved to affirm dismissal of plaintiffs suit on other grounds and do not reach the question of the agreement’s validity.
Plaintiffs suit was filed on February 14, 1983. He claimed to have an executory agreement to purchase immovable property from decedent confected on December 5, 1981, but decedent’s untimely death prevented him from purchasing the property. Alleging that he was desirous of consummating the agreement and that “it would be in the best interest of all the parties to authorize the administrator of decedent’s estate to perform said contract of sale in accordance with [C.C.P. Arts.] 3227 and 3229,” he prayed that the administrator of the succession “be authorized and directed to perform the contract.” Simultaneously with the filing of his petition plaintiff caused a notice to be published in the local newspaper of his suit advising that an order authorizing the administrator to sell the property “may” be issued within ten days of publication and that any opposition may be filed in the meantime.
 Art. 3227 provides that the court may authorize a succession representative to perform an executory contract evidenced by writing after compliance with Art. 3229’s requirement that notice of the application be published. These articles and their companion articles, 3198, 3224, 3226, and 3228, are designed for use by a succession representative to conduct the business of a succession smoothly and without undue complications. They are not designed for an adversary to force the succession representative to take some action which the third party deems beneficial to his interest. The proper remedy available to plaintiff was a suit for specific performance against the administrator if there was one.
These succession proceedings are on file in this court under our docket number CA 1131 involving other litigation unrelated to the instant case. The record shows that a judgment of possession was signed on May 7, 1982, recognizing Althea Kramer Dege-los as surviving spouse of decedent and as legatee; Elizabeth Degelos Alexander, Newton Charles Degelos, Jr. and Noelle Degelos Gioe as heirs and legatees; and Ivey Marie Degelos Lalanne as forced heir; and the judgment sends these individuals into possession of all of defendant’s property-
Thus, when plaintiff filed his suit the administration of the succession had been completed. There was no administrator or executor by whom or against whom the provision of C.C.P. Arts. 3227 and 3229 could be invoked. Assuming that we could consider plaintiff’s petition as one for specific performance and the answer of defendants as sufficient to join issue, Ivey Marie Degelos Lalanne did not join in the answer and ostensibly was never made aware of the suit even though she was an owner of an undivided interest in the property.
The trial court held that the agreement was insufficient to provide plaintiff with a basis to require title to be transferred. Because of the procedural difficulties we have outlined we do not reach the question of the agreement’s validity but we affirm dismissal of the suit reserving plaintiff’s right to bring a proper suit against all the proper parties.
AFFIRMED.
BYRNES, J., concurs.